660

## P. M. FUEL, Inc., v. MICHIGAN LIME-STONE & CHEMICAL CO.

No. 258.

Circuit Court of Appeals, Second Circuit.

July 1, 1943.

Brown, Ely & Richards, of Buffalo, N. Y. (Laurence E. Coffey, of Buffalo, N. Y., and McKeehan, Merrick, Arter & Stewart and George Wm. Cottrell, all of Cleveland, Ohio, of counsel), for appellant.

Duncan, Leckie, McCreary, Schlitz & Hinslea, of Cleveland, Ohio (Lee C. Hinslea and Lucian Y. Ray, both of Cleveland, Ohio, of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The respondent negligently stored upon the east bank of the Buffalo River so great a weight of crushed limestone that on the evening of November 29, 1939, the bank gave way, creating a shoal in the river. On the following morning the libellant's vessel, while proceeding up the river without negligence on her part, rubbed the port side of her bottom upon this shoal. The impact caused a slight list to starboard and a checking of her engines but did not cause her to stop. She continued on her way and remained in service until the end of the season. In fact the impact was so slight that neither the captain nor the crew believed that any damage resulted to the ship's bottom, and no inspection for damage was made. Nor was the occurrence entered in the log or reported to the libellant's superintendent or to governmental officials. On December 28, 1939, the West Shore went into drydock for renewal of 50 bottom plates which had been contracted for in the previous September. In the drydock it was discovered that she had bottom damage on both port and starboard sides to 31 of her plates, some minor frame damage, and damage to her port rudder shoe and rudder stock. The libellant's superintendent immediately conferred with the fuel lighter's captain regarding the damage and was then informed of the rubbing of her bottom on November 30th. The present libel was brought against the respondent to recover for the damage above described. After a lengthy trial the district judge made findings that such damage was not occasioned by touching or rubbing the shoal abreast of the respondent's dock; that this shoal "was composed of soft material consisting of silt, clay and a comparatively small amount of crushed stone mixed therewith"; and that the West Shore's "bottom sustained no damage from the rubbing or touching on the shoal." Accordingly the libel was dismissed.

■ This appeal raises only a question of fact as to which the trial court has found adversely to the appellant. Even on appeals in admiralty such findings will not be set aside unless clearly erroneous. Petterson Lighterage & T. Corp. v. New York Cent. R. Co., 2 Cir. 126 F.2d 992. The character of the material of which the shoal was composed and the lightness of the impact when the vessel touched bottom strongly tend to support the finding that no damage was then sustained and there is expert testimony in the record which accords with it. Concededly the lighter's bottom received some damage between March, 1937, and December 28, 1939, the dates of her two drydockings, and the crew testified that she had hit nothing during that period except the respondent's shoal. But it is not necessary to find perjury in order to

discredit such testimony; it may readily result from failure to remember some incident not considered serious when it occurred. The appellant had the burden of proving that the shoal negligently created by the respondent caused damage to the vessel. We cannot say that Judge Burke's finding that it did not was clearly erroneous.

Decree affirmed.